UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY H. DOWNS,<br><br>                              Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, CDCR<br>Secretary, et al.,<br><br>                              Respondents. | Case No.: 22-cv-2073-MMA-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MOTION TO DISMISS**<br><br>**[Dkt. No. 6]** |

This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.2.d and HC.2 of the United States District Court for the Southern District of California.

On December 30, 2022, Petitioner Wendy H. Downs ("Petitioner"), a misdemeanant on county supervised probation proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging her misdemeanor conviction for driving under the influence of drugs, with a special allegation of a prior conviction of driving under the influence within the previous 10 years. Dkt. No. 1. The Petition raises eight grounds for relief, as follows: (1) Petitioner was denied the right to effective assistance of counsel guaranteed by the Sixth Amendment due to structural errors in the indigent defense delivery system; (2) Petitioner was denied the right to effective assistance of counsel for a jury trial due to trial counsel errors, and her Fifth and Eighth Amendment

rights were violated by acts brought about by the prior violation alleged; (3) Petitioner was denied the right to effective assistance of counsel on appeal due to appellate counsel errors; (4) Petitioner was denied the right to due process and a fair trial guaranteed by the Sixth Amendment due to prosecutorial errors, which caused a violation of Petitioner's Fifth and Eighth Amendment rights; (5) Petitioner's constitutional right to an impartial jury guaranteed by the Sixth Amendment was violated by improper jury bias; (6) Petitioner's constitutional right to meaningful access to court and legal resources guaranteed by the First Amendment has been violated by COVID-19-related closures and restricted access to the court and legal resources; (7) Petitioner's Sixth Amendment rights to due process, a fair trial, effective assistance of trial counsel, effective assistance of appellate counsel, and an impartial jury were violated by the cumulative errors alleged in grounds 1 through 6 of the Petition, resulting in violations of Petitioner's First, Fifth, and Eighth Amendment rights; and (8) Petitioner was denied the constitutional right to habeas corpus proceedings, including full and factual development of the claims within the state trial and appellate court petitions because the San Diego Superior Court stated a prima facie case was determined for each claim yet did not issue an order to show cause. *See* Dkt. No. 1 at 6-9, 24-27.[1]

On March 3, 2023, pursuant to this Court's order requiring a response to the Petition, Respondents filed the instant Motion to Dismiss the Petition for Writ of Habeas Corpus ("Motion to Dismiss") as untimely and barred under the applicable statute of limitations. Dkt. No. 6.  On March 29, 2023, Petitioner filed a response in opposition ("Opposition") to the Motion to Dismiss.  Dkt. No. 7.  On May 4, 2023, Respondents filed a reply brief ("Reply") in further support of their Motion to Dismiss.  Dkt. No. 9.  For the reasons stated herein, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**

---

[1] All docket references are to the document and page numbers generated by the CM/ECF system.

**WITHOUT LEAVE TO AMEND** and that the Petition be **DISMISSED WITH PREJUDICE**.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On January 23, 2019, a California Highway Patrol officer observed Petitioner speeding on westbound Interstate 8 in San Diego, California at approximately 110 miles per hour and initiated a traffic stop. Dkt. No. 1-2 at 17. After further observing Petitioner's appearance and performing a series of field sobriety tests, the officer arrested Petitioner on suspicion of driving under the influence. *Id*. Subsequent blood testing revealed Petitioner was under the influence of amphetamine and methamphetamine. *Id*.

Criminal proceedings were initiated against Petitioner in the San Diego Superior Court ("Superior Court") (Case No. M256699), and a jury trial ensued. *Id*. at 18. On February 6, 2020, a jury found Petitioner guilty of one count of misdemeanor driving under the influence, and the court found her guilty of one infraction for speeding at a rate over 100 miles per hour. *Id*. Petitioner was sentenced to five years' probation with nine days in custody and ordered to pay $2,635 in fines.[2] *Id*. Petitioner commenced the post-conviction appeals process in state court, as follows:

| Date | Event | Citation |
|------|-------|----------|
| August 25, 2020 | Appellate Counsel William R. Burgener filed an opening brief for direct appeal to the Superior Court's Appellate Division ("Appellate Division"), seeking independent review of the record for arguable issues pursuant to *People v. Wende*, 25 Cal. 3d. 436 (1979) (Case No. CA282993). | Dkt. No. 1 at 2; Dkt. No. 1-15 at 148-156. |

---

[2]    In her Opposition, Petitioner notes that "all previously stayed programs and fines were lifted by the San Diego Superior Court" on April 19, 2021. Dkt. No. 7-1 at 13; *see* Dkt. No. 1-9 at 6. The record before the Court reflects that all programs, fines, and fees in Petitioner's case were stayed as of February 24, 2020. *See* Dkt. No. 1-9 at 1.

| Date | Event | Citation |
|---|---|---|
| October 2, 2020 | Clerk of Court filed Appellate Division's decision affirming Petitioner's conviction. | Dkt. No. 1 at 2; Dkt. No. 1-15 at 137, 140. |
| November 3, 2020 | Clerk of Appellate Division filed remittitur stating the decision had become final. | Dkt. No. 1-15 at 135-136. |
| April 8, 2022 | Petitioner filed a petition for writ of habeas corpus in Superior Court (Case No. HC25602). | Dkt. No. 1 at 3; Dkt. No. 1-17 at 17-88. |
| June 16, 2022 | Superior Court denied petition for writ of habeas corpus. | Dkt. No. 1 at 3; Dkt. No. 1-17 at 150-159. |
| August 10, 2022 | Petitioner filed a petition for writ of habeas corpus in California Court of Appeal (Case No. D080769). | Dkt. No. 1 at 4; Dkt. No. 1-17 at 163-252. |
| September 13, 2022 | California Court of Appeal denied petition for writ of habeas corpus. | Dkt. No. 1 at 4; Dkt. No. 1-17 at 267-269. |
| September 15, 2022 | Petitioner filed a petition for review by California Supreme Court (Case No. S276400). | Dkt. No. 1 at 4; Dkt. No. 1-18 at 17-56. |
| November 16, 2022 | California Supreme Court summarily denied petition for review. | Dkt. No. 1 at 4; Dkt. No. 1-18 at 178. |

## II.

## **STANDARD OF REVIEW**

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." *Reyes v. Allison*, No. 21-cv-00632-MMA (KSC), 2021 WL 5042124, at *2 (S.D. Cal. Oct. 29, 2021); 28 U.S.C. § 2254(a). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to dismiss a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Reyes*, 2021 WL 5042124, at *2.

/ / /

4

# III.

## DISCUSSION

**A.    Timeliness of Petition**

The timeliness of a petition for writ of habeas corpus is governed by the habeas corpus provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provide as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  As explained further herein, the Petition is time-barred under Section 2244(d)(1)(A).

In reviewing the timeliness of a habeas petition under Section 2244(d)(1)(A), a court must first determine "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  The California Rules of Court are instrumental to a court's determination in this regard.    Appeals of misdemeanor convictions in the trial court must first be taken to the appellate division of the superior court ("Appellate Division") from which the appeal is taken.  *See* Cal. Pen.

5

Code § 1466. Thereafter, Rules 8.1000–8.1018, govern the transfer of Appellate Division cases to the California Court of Appeal.[3]   Under Rule 8.1002, the Court of Appeal may order a case to be transferred to it "if it determines that transfer is necessary to secure uniformity of decision or to settle an important question of law," and may do so in one of three ways. First, a party may file an application with the Appellate Division to certify the case for transfer to the Court of Appeal within 15 days after the Appellate Division's decision is sent to the parties by the court clerk. Cal. R. Ct. 8.1002(1); *see* Cal. R. Ct. 8.1005(b)(1)(A). Second, a party may petition the Court of Appeal to transfer a case from the Appellate Division to the Court of Appeal. Cal. R. Ct. 8.1002(2); *see* Cal. R. Ct. 8.1006. However, a party must file such petition no later than 15 days after the Appellate Division's decision becomes final and may do so "only if an application for certification for transfer was first filed in the appellate division and denied." Cal. R. Ct. 8.1006(a)–(b). Finally, the Court of Appeal may transfer the case on its own motion within 30 days after the Appellate Division decision is final. Cal. R. Ct. 8.1002(3); *see* Cal. R. Ct. 8.1008(a)(1)(B). If no action is taken to seek review of an Appellate Division decision, then the decision "is final 30 days after the decision is sent by the court clerk to the parties." Cal. R. Ct. 8.888(a)(1).

*Thomas v. Gonzalez*, No. 19cv1632-H (BLM), 2020 WL 1624406, at *2 (S.D. Cal. Apr. 2, 2020), is instructive. In *Thomas*, a state probationer who had been convicted of a misdemeanor appealed his conviction and sentence to the Appellate Division of the Superior Court. On May 18, 2018, the Appellate Division issued an order affirming the conviction.[4] *Id*. The district court recognized that "[w]hen a petitioner fails to seek review in the state appellate court, however, the conviction is final upon the expiration for doing so." *Id*. In other words, at the core of the analysis is the time during which the petitioner—

---

[3]   Unless otherwise specified, all further references herein to "Rules" shall mean the California Rules of Court.

[4]   The *Thomas* court notes that the Appellate Division's order affirming the conviction is dated May 17, 2018, but that it was file-stamped on May 18, 2018, which is the relevant date from which the court determines the conclusion of direct review.

not the Court of Appeal—may act.  The district court, referencing Rule 8.1006(b)(1), determined that the petitioner had 15 days from the Appellate Division's May 18, 2018, order to file a petition in the Court of Appeal to transfer his case to that court, but instead allowed the time to expire without filing a petition.  *Id*. at 5-6.  The expiration of the 15-day window resulted in the Appellate Division's order becoming final on June 4, 2018, and the one-year limitation period under AEDPA to file a federal habeas petition commenced the next day on June 5, 2018.[5]  *Id*. at 6.  Moreover, petitioner's failure to file a petition for transfer to the Court of Appeal deprived him of the benefit of the 90-day period to seek certiorari in the United States Supreme Court, which lacked jurisdiction to review the Appellate Division's decision because it can only review "'judgments of a "state court of last resort" or of a lower state court if the "state court of last resort" has denied discretionary review.'"  *Id*., quoting *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

The instant case is analogous to *Thomas*.  Here, Petitioner initiated direct review of her conviction in the Appellate Division, and the court clerk filed the decision affirming the trial court's judgment on October 2, 2020.  Dkt. No. 1-15 at 137.  Under Rule 8.1005(b)(1)(A), Petitioner had 15 days—until October 19, 2020—to file an application requesting that the Appellate Division certify her case for transfer to the Court of Appeal. The record before this Court does not reflect that Petitioner filed any such application, and as such, she was not entitled to file a petition for transfer in the Court of Appeal. Additionally, Petitioner may not reap the benefit of the 90-day period for seeking review by the United States Supreme Court because Petitioner did not seek direct review by the California Supreme Court as the "state court of last resort." *See Gonzalez*, 565 U.S. at 154. / / /

---

[5]     Some deadlines may appear to exceed the number of days specified by the Rules. Under Rule 1.10(b), "if the last day for the performance of any act that is required by these rules to be performed within a specific period of time falls on a Saturday, Sunday, or other legal holiday, the period is extended to and includes the next day that is not a holiday."

Therefore, under *Thomas*, the time for Petitioner to seek further review of her conviction expired on October 19, 2020.

AEDPA's statute of limitations begins to run "from the *latest* of" the expiration of time for seeking direct review or the date on which the Appellate Division's decision became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1) (emphasis added). The Appellate Division decision became final 30 days after the court clerk sent it to the parties, and the remittitur informing the parties that the decision had become final was filed on November 3, 2020.[6]  As the latest of the two dates, the statute of limitations began to run the following day on November 4, 2020.  Accordingly, Petitioner had until November 4, 2021, to file a federal habeas petition.  However, Petitioner filed the Petition in this Court on December 30, 2022—more than one year after the limitations period expired.  Dkt. No. 1-2.  As such, the Petition is time-barred.

**B.**   **Tolling of Limitations Period**

Petitioner contends that she is entitled to statutory and equitable tolling of AEDPA's limitations period.  The Court analyzes each argument in turn.

**1.**   **Statutory Tolling**

AEDPA's one-year statute of limitations is subject to statutory tolling.  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  This provision is inapplicable here because Petitioner did not initiate collateral review until she filed a petition for writ of habeas corpus in the Superior Court on April 8, 2022—more than five months after AEDPA's statute of limitations ran.

---

[6]    To be sure, 30 days after the date on which the Appellate Division decision was sent to the parties is November 2, 2020.  However, the record reflects that the remittitur, which states "the order or opinion has now become final," was dated and file-stamped on November 3, 2020.

Petitioner asserts that she is entitled to statutory tolling because she "had a direct appeal case 'pending' in San Diego Superior Court, Case No. M256699," from October 2, 2020, when the Appellate Division affirmed her conviction, until April 19, 2021, when the Superior Court lifted the stay of all programs, fines, and fees.  Dkt. No. 7-1 at 20-21. Petitioner provides no authority for the proposition that a stay of her sentence conditions, which remained effective after the Appellate Division's decision became final, renders her case "pending" within the meaning of AEDPA's statutory tolling provision. Moreover, Petitioner conflates the requirement under AEDPA's statutory tolling provision that an "application for State post-conviction or other collateral review" be "pending" with the trial court's imposition of a stay of her sentence conditions.  The stay of Petitioner's sentence conditions between October 2, 2020, and April 19, 2021, is neither a pending direct appeal case, as Petitioner describes it, nor an "application for State post-conviction or other collateral review."  Petitioner's post-conviction direct review ended on November 3, 2020, when the Appellate Division decision became final, and she did not seek other post-conviction or collateral review in state court for the duration of AEDPA's limitations period.  To the extent Petitioner argues that direct review concluded when the California Supreme Court denied her petition for review on November 16, 2022, thereby triggering AEDPA's limitations period the following day, Petitioner has not provided authority to support such a finding.  *See* Dkt. No. 7-1 at 20.  Therefore, statutory tolling under Section 2244(d)(2) is not available here.  *See Thomas*, 2020 WL 1624406, at *7 (holding that statutory tolling was not available where petitioner made no collateral attacks on his conviction).

## 2.  **Equitable Tolling**

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'"  *McMonagle v. Meyer*, 802 F.3d 1093, 1099 (9th Cir. 2015), quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  "The petitioner bears the burden of demonstrating that he or she is entitled to equitable tolling."  *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012), citing *Rasberry v.*

*Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).  Under *Holland v. Florida*, 560 U.S. 631, 649 (2010), a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" [internal quotation marks and citations omitted].  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (finding that petitioner did not establish the requisite diligence and was therefore not entitled to equitable tolling because the claims asserted in his petition were available to him several years prior to the filing of his state and federal petitions).

Within the chronology of events leading to the filing of the instant Petition, Petitioner refers to events that occurred prior to and after the Appellate Division's decision affirming her conviction on October 2, 2020.  Among them, Petitioner discusses access to public resources, such as the Superior Court and public libraries, during the COVID-19 emergency.  According to Petitioner, the Superior Court and San Diego public libraries, including the San Diego Law Library, closed on or around March 16, 2020, in response to the rise of COVID-19 cases.  *See* Dkt. No. 7-1 at 10.  However, the Superior Court re-opened for limited in-person services on May 26, 2020, and the libraries re-opened with limited access by October 2020, and with expanded library access by June 2021.  *See id.* at 10-11, 14.

Given the relatively short period of the Superior Court's closure, Petitioner was not prejudiced such that she was prevented from diligently pursuing her right to seek timely collateral review of her conviction.  In fact, Petitioner availed herself of the Superior Court on several occasions throughout the limitations period.  For example, on December 3, 2020, Petitioner sent a letter to the Superior Court to request an appearance before a judge.  *Id.* at 11.  On December 21, 2020, Petitioner states she returned to court, where she was told that the "appeal process closed since Remitter [sic] issued in beginning of November closes appeal process."  *Id.* at 12.  On March 18, 2021, Petitioner states that she wrote a letter to a judge and brought it with her to a March 22, 2021, court date.  *Id.* at 13.  Based on the foregoing, Petitioner's access to the Court was not significantly impeded by the COVID-

10

19 emergency such that she could not initiate collateral review by filing a habeas petition in Superior Court.

Additionally, Petitioner has not established that the public library's limited access affected her ability to timely prepare and submit her habeas petition. Although Petitioner discusses the re-opening and expansion of the public libraries' services between April 1, 2021, and August 2, 2021, she does not explain what efforts she made to access library resources or what, if anything, prohibited her from accessing the libraries during this time. *See id.* at 13-14.

Finally, Petitioner acknowledges that her "due diligence, despite COVID-19 emergency closures, is well documented from November 10, 2021." *Id.* at 28. Assuming *arguendo* that this is an accurate representation, it weighs against application of equitable tolling because it means the record does not reflect that Petitioner acted with due diligence prior to the expiration of the statute of limitations period. In fact, Petitioner does not describe what progress she made, if any, in preparing her petition for filing in Superior Court during the limitations period. Moreover, Petitioner would have been aware of at least some of the grounds asserted in her petition as early as February 6, 2020, when her jury trial ended with a conviction. With respect to her claims concerning appellate counsel and proceedings, Petitioner would have been aware of the facts underlying the claims as early as August 25, 2020, when the opening brief was filed in the Appellate Division. *See* Dkt. No. 1-15 at 149-156. The Court recognizes that Petitioner is proceeding as a pro se litigant, but "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry*, 448 F.3d at 1154. The Court concludes that Petitioner neither exercised due diligence in pursuing her right to file a timely petition for writ of habeas corpus, nor was she impeded from doing so by any "extraordinary circumstance." Accordingly, Petitioner is not entitled to equitable tolling of AEDPA's statute of limitations.

/ / /

/ / /

# IV.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT HEREBY RECOMMENDED** that the District Court issue an Order:

    1.    Granting Respondents' Motion to Dismiss without leave to amend;

    2.    Dismissing the Petition for Writ of Habeas Corpus with prejudice; and

    3.    Directing the Clerk of Court to close the case.

**IT IS ORDERED** that no later than **June 6, 2023**, the parties may file written objections to this Report and Recommendation with the Court and shall serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order.

**IT IS SO ORDERED.**

Dated: May 23, 2023

Honorable David D. Leshner
United States Magistrate Judge

22-cv-2073-MMA-DDL