# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY HEATHER DOWNS,<br><br>                      Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary of California Department of Corrections and Rehabilitation, et al.,<br><br>                      Respondents. | Case No. 22-cv-2073-MMA (DDL)<br><br>**ORDER RE: PETITIONER'S OBJECTIONS;**<br><br>[Doc. No. 11]<br><br>**MODIFYING AND ADOPTING REPORT AND RECOMMENDATION AS MODIFIED;**<br><br>[Doc. No. 10]<br><br>**GRANTING MOTION TO DISMISS AND DISMISSING PETITION WITH PREJUDICE; and**<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

On December 30, 2022, Wendy Downs ("Petitioner"), proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (the "Petition"). *See* Doc. No. 1. Respondents filed a motion to dismiss the Petition on March 3, 2023, and Petitioner filed

an opposition to the motion on March 29, 2023. *See* Doc. Nos. 6–7. On May 23, 2023, Magistrate Judge David D. Leshner issued a well-reasoned Report and Recommendation ("R&R"), recommending that the Court grant the motion to dismiss the Petition. *See* Doc. No. 10.[1] Petitioner filed objections to the R&R on June 5, 2023. *See* Doc. No. 11. Respondents did not file a reply. Upon due consideration and for the reasons set forth below, the Court **SUSTAINS** Petitioner's objection to the R&R's statement regarding her probation, **OVERRULES** Petitioner's remaining objections, **MODIFIES** the R&R and **ADOPTS** it as modified, **GRANTS** the motion to dismiss the Petition, **DISMISSES** the petition with prejudice, and **DECLINES** to issue a certificate of appealability.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Judge Leshner's R&R includes the relevant factual and procedural background of Petitioner's case. Doc. No. 10 at 3–4. The R&R states that a California Highway Patrol officer saw Petitioner driving at about 110 miles per hour on highway 8. *Id.* at 3. The officer stopped Petitioner and had her perform some field sobriety tests. *Id.* He then arrested Petitioner on suspicion of driving under the influence. *Id.* A blood test showed Petitioner was under the influence of methamphetamine. *Id.*

Following a trial, Petitioner was convicted of driving under the influence and she admitted suffering a prior conviction for driving under the influence within the preceding ten years. *Id.* The trial judge later found her guilty of an infraction for driving in excess of 100 miles per hour. *Id.* Petitioner was sentenced to nine days in jail and placed on five years of probation. *Id.* She was also assessed a fine and had her driver's license suspended. *Id.*

Petitioner appealed her conviction to the Appellate Division of the San Diego Superior Court, which affirmed her conviction on October 2, 2020. *See* Doc. No. 1 at 2; Doc. No. 10 at 3; Doc. No. 1-15, 137–40, 149–56. The Clerk of the Appellate Division

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

filed the remittitur on November 3, 2020 stating the decision was final.  *See* Doc. No. 1-15 at 135–36.  Petitioner then filed habeas corpus petitions in the San Diego Superior Court, the California Court of Appeal, and the California Supreme Court.  *See* Doc. No. 1 at 3–4; Doc No. 1-17 at 17–88, 163–252; Doc. No. 1-18 at 17–56.  All three courts denied the petitions.  *See* Doc. No. 1 at 3–4; Doc. No. 1-17 at 150–59, 267–69; Doc. No. 1-18 at 178.

      Petitioner objects to the factual background as recited in the R&R.  Doc. No. 11-1 at 12–13.  The California Court of Appeal's statement of facts, however, to which this Court must defer under 28 U.S.C. § 2254(e)(1), states as follows:

> At trial, a law enforcement officer testified that while working a routine freeway patrol at night, he stopped Downs after observing her driving approximately 110 miles per hour.  Based on her appearance and performance on a series of field sobriety tests, the officer arrested Downs on suspicion of driving under the influence.  Subsequent blood testing revealed Downs was under the influence of methamphetamine.

Doc. No. 1-8 at 63.

      The R&R accurately reflects the facts as recounted by the state appellate court.  Petitioner's objection is therefore **OVERRULED** and the Court **ADOPTS** the R&R's factual and procedural background.

      The R&R notes Petitioner's appellate attorney submitted a brief pursuant to *People v. Wende*, 25 Cal.3d 436 (1979). Doc. No. 10 at 3.  Petitioner objects to the R&R's omission of a citation to *Anders v. California*, 386 U.S. 738 (1967), which appellate counsel also referred to in his opening brief.  Doc. No. 11-1 at 13; Doc. No. 1-15 at 155.  Under *Wende*, an attorney may submit an appellate brief notifying the court that he has reviewed the record and has identified no arguable issues for review.  *Wende*, 25 Cal. 3d at 441–43.  The court must then review the record to determine whether there is any basis upon which to grant relief.  *Id.*  *Anders* is simply the United States Supreme Court case upon which *Wende* is based.  *See Wende*, 25 Cal. 3d at 441–42.  Because the addition of a

/ / /

citation to *Anders* is unnecessary and would add nothing to the R&R's analysis, the Court **OVERRULES** this objection.

In the habeas corpus petition she filed in this Court on December 30, 2022, Petitioner argues: (1) her Sixth Amendment right to competent trial and appellate counsel was violated; (2) her due process right to a fair trial was violated when the prosecutor committed errors at trial; (3) her right to an impartial jury was violated by juror bias; (4) her First Amendment right to access the courts was violated by Covid-19 closures; (5) the cumulative effect of all the errors rendered her trial unfair; and (6) she was not provided with a fair habeas corpus proceeding in state court.  *See* Doc. No. 1.  Judge Leshner concluded the petition is untimely and recommends the Court grant the motion to dismiss and dismiss the petition with prejudice.  *See* Doc. No. 10.  Petitioner objects to the R&R on several grounds.  *See* Doc. No. 11.[2]

## II. LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  Pursuant to Local Rule 72 and 28 U.S.C. § 636(b)(1), the Court must make a *de novo* determination of any part of the magistrate judge's disposition to which a party has properly objected.  *See id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

/ / /

/ / /

---

[2] Petitioner objects to the R&R only citing to Local Rule 72.2.d and requests that the R&R "additionally adhere to Civil Local Rule 72.1.d." Doc. No. 11-1 at 11. Local Rule 72.1.d provides that all cases filed pursuant to 28 U.S.C. § 2254 which do not involve the death penalty are referred to the Magistrate Judge for preparation of an R&R. *See* Civil Local Rule 72.1.d.  As Judge Leshner has prepared an R&R in this case, it is clear the provisions of Local Rule 72.1.d have been complied with in this case and therefore Petitioner's objection is **OVERRULED**.

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus if a petitioner's state court conviction violates the Constitution or the laws or treaties of the United States. *See* 28 U.S.C. § 2254.

### A. Petitioner's Probation Status

Petitioner objects to the R&R's statement that she is on supervised probation, *see* Doc. No. 10 at 1, and states that she is actually on summary probation. Doc. No. 11-1 at 11. According to the transcript of Petitioner's sentencing proceeding, the trial judge sentenced her to summary probation. Doc. 1-15 at 108. Therefore, the Court **SUSTAINS** the objection and **MODIFIES** the R&R to reflect Petitioner was placed on five years of summary probation.

### B. Description of Grounds for Relief and Omitted Reference to Doc. No. 8

Petitioner objects to the R&R's description of her grounds for relief because it does not include all the Constitutional amendments she references in her Petition. Doc. No. 11-1 at 11. The Court has reviewed the petition in this case and concludes the R&R accurately summarizes Petitioner's claims even though it may not list every Constitutional provision Petitioner invoked. Moreover, because the R&R does not address the merits of Petitioner's claims, the R&R's statement of grounds for relief has no bearing on the R&R's conclusions. Petitioner also objects to the R&R's failure to mention the Magistrate Judge's April 26, 2023 Order directing Respondent to reply to Petitioner's opposition to the motion to dismiss. Doc. No. 11-1 at 11. It is not clear why Petitioner objects to this omission, but, as with her objection to the R&R's description of the Constitutional basis for her claims, the omission has no effect on Judge Leshner's conclusions. Accordingly, the Court **OVERRULES** these objections.

/ / /

/ / /

/ / /

/ / /

### C.   Commencement of the Statute of Limitations

The R&R correctly states that the one year statute of limitations imposed on federal habeas corpus petitions is codified in 28 U.S.C. § 2244(d)(1).  Doc. No. 10 at 5.  The limitation period begins to run "from the latest of" the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In Petitioner's case, subsections (A), (B), and (D) are relevant, as Petitioner does not base her claims on any new constitutional right recognized by the Supreme Court.

Petitioner objects to the R&R's conclusion that her conviction became final, and the statute of limitations clock pursuant to 28 U.S.C. § 2224(d)(1)(A) began ticking, on November 4, 2020, the day after the remittitur confirming the Appellate Division of the Superior Court's decision was filed.  Doc. No. 11-1 at 16–17, 20.  The Ninth Circuit has stated that a district court must "look to California law to determine when direct review of a California misdemeanor conviction concludes." *McMonagle v. Meyer*, 802 F.3d 1093, 1095 (9th Cir. 2015).  The R&R correctly found that the California Rules of Court provide that after conviction, a defendant must appeal to the Appellate Division of the Superior Court.  *Id.* at 1097; Doc. No. 10 at 6.  Upon a denial by the Appellate Division, a defendant may next ask the Appellate Division to certify the case to the California Court of Appeal.  *McMonagle*, 802 F.3d at 1097; Doc. No. 10 at 6.  If the Appellate

Division declines to certify the case, the defendant may then ask the California Court of Appeal to accept transfer of the case. *McMonagle*, 802 F.3d at 1097; Doc. No. 10 at 6. The California Court of Appeal may also transfer the case on its own motion. Cal. R. Ct. 8.1002(3); Doc. No. 10 at 6. Direct review of the conviction concludes immediately upon denial of transfer by the California Court of Appeal, and "no further appeal to the California Supreme Court is available." *McMonagle*, 802 F.3d at 1097; *see* Doc. No. 10 at 6.

Although Petitioner appealed her conviction to the Appellate Division of the Superior Court, there is no evidence she asked the Appellate Division to certify the case to the California Court of Appeal, nor that she asked the California Court of Appeal to accept transfer of the case. Under California Rules of Court 8.888(a)(1) Petitioner's conviction therefore became final "30 days after the decision is sent by the court clerk to the parties." Cal. R. Ct. 8.888(a)(1). Accordingly, as the R&R correctly concluded, the decision affirming the superior court's judgment was filed on October 2, 2020, and thirty days later, on November 3, 2020, the decision became final.[3]

Normally, the statute of limitations does not begin to run for a federal habeas petitioner until the ninety-day period for seeking review in the United States Supreme Court has elapsed. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). Here, however, the R&R correctly found Petitioner was not entitled to the ninety days within which she could file a petition for writ of certiorari to the United States Supreme Court because the Appellate Division's decision was not a judgment of last resort and the Supreme Court would have lacked jurisdiction to hear such a case. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (concluding petitioner was not entitled to the ninety-day period within which he could have filed a petition for writ of certiorari with the

---

[3] The R&R correctly notes that although the decision was sent to the parties on November 2, 2020, the remittitur was file-stamped November 3, 2020, and that is the date the Court will use.

United States Supreme Court because the petitioner had not sought review from the highest possible state tribunal).

Petitioner also objects to the R&R's conclusion that the statute of limitations started on November 4, 2020 on three other grounds. First, she appears to argue the conviction did not become final until the stay on the execution of her sentence was lifted, citing California Rules of Court 8.311(a)(1). Doc. No. 11-1 at 16–17. Rule 8.311(a)(1) applies to criminal appeals from the superior court to the California Court of Appeal, not appeals to the Appellate Division of the Superior Court, which operate under separate rules. *See* Rule 8.800(a). Moreover, a stay of execution of sentence is not part of the direct review process and therefore, contrary to Petitioner's assertion, her case was not ongoing between October 2, 2020 when the Appellate Division affirmed her conviction until April 19, 2021 when the stay was lifted. *See* Doc. No. 11-1 at 16–17.

Second, she argues the closures of the county library and the courts due to the Covid-19 pandemic was a state-created "impediment to filing," which should trigger a later start date for the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(B). *Id*. at 17. Section 2244(d)(1)(B) imposes the additional requirement, however, that the impediment be "in violation of the Constitution of the United States or laws of the United States." *Id.* The closures of the county library and the courts do not meet this requirement. Further, "[t]o obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Arizona*, 499 F.3d 1056, 1060 (9th Cir. 2007); *Randle v. Crawford*, 604 F.3d 1047, 1055 (9th Cir. 2010). According to Petitioner, the San Diego County library partially reopened in October of 2020 and expanded access in June of 2021, giving her a minimum of four months and up to eleven months to prepare her federal habeas corpus petition before the statute of limitations expired. See Doc. No. 7-1 at 10–11, 14; Doc. No. 11-1 at 25. As the R&R also noted, the San Diego Superior Court reopened for limited in-person services on May 26, 2020 and Petitioner states she had numerous contacts with the court and appeared at four court dates between November 4,

2020 when the statute of limitations began running and November 4, 2021 when it expired. *See* Doc. No. 10 at 10; Doc. No. 11-1 at 24–25. Therefore, she has not established the necessary causal relationship between the closures and her failure to file her petition in this Court before the statute of limitations expired.

Third, she contends a different start date should apply pursuant to 28 U.S.C. § 2244(d)(1)(D) because she was not aware of the factual predicate of her ineffective assistance of counsel claims before the statute of limitations expired. Doc. No. 11-1 at 17. Specifically, she objects to the R&R's failure to consider that she did not have access to her case file until December 2, 2021. *Id.* Petitioner raised the following claims in her petition: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, prosecutorial errors at trial, a violation of her right to an impartial jury, a violation of her access to the court system due to Covid-19 restrictions, and a denial of access to state habeas corpus proceedings. *See* Doc. No. at 6–9, 24–65. All of these alleged violations occurred during her trial and appeal, and therefore Petitioner should have been aware, through the exercise of due diligence, of the factual predicate for all of her claims no later than November 3, 2020 when the Appellate Division denied her appeal.

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections to the start date for the statute of limitations under 28 U.S.C. § 2244(d)(1) and **ADOPTS** the R&R's conclusion that the statute of limitations began to run on November 4, 2020.

**D.   Statutory Tolling**

The R&R correctly states that AEDPA's statute of limitations is subject to statutory tolling for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." Doc. No. 10 at 8 (citing 28 U.S.C. § 2244(d)(2). Petitioner asserts the R&R incorrectly found the stay of her sentence did not qualify as a "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2). Doc. No. 11-1 at 18–21. "Collateral review" is defined as "a form of review that is not part of the direct appeal process." *Wall v. Kholi*, 562 U.S. 545, 552 (2011). The Ninth Circuit

has applied a three factor test to determine whether a proceeding is a "part of the direct appeal process" or is instead a form of collateral review. *Barnham v. Montana*, 996 F.3d 959, 964 (9th Cir. 2021). The first factor to consider is "how the proceeding is characterized under state law." *Id.* Second, a court should consider the timing of the proceeding; a collateral proceeding "necessarily follows direct review." *Id.* at 964–65 (quoting *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005)). Third, a court should consider whether the proceeding "takes the place of an appeal in the State's system." *Id.* at 965.

In California, a stay of a sentence usually occurs in one of two ways, either as part of the sentencing phase of a criminal proceeding when a state court judge stays a sentence pursuant to Penal Code § 654's prohibition against multiple punishments, or as appears to be the case here, when a judge agrees to stay the execution of a defendant's sentence pending an appeal. *See* Doc. No. 1-6 at 89–91. In either case, a stay of sentence is not "part of the direct appeal process," is not a proceeding that "follows direct review," nor does it "take[] the place of an appeal in the State's system." *Barnham*, 996 F.3d at 964. Because Petitioner's first collateral review filing was the habeas corpus petition she filed in the San Diego Superior Court on April 8, 2022, 155 days after the federal statute of limitations had expired, no statutory tolling is available. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, Petitioner's objection to the R&R's determination that she is not entitled to any statutory tolling is **OVERRULED.**

E.   **Equitable Tolling**

Petitioner also objects to the R&R's conclusion that she is not entitled to any equitable tolling. Doc. No. 11-1 at 21–28. The R&R correctly states that equitable tolling is available only when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim . . . ." Doc. No. 10 at 9 (citing *McMonagle*, 802 F.3d at 1099). A petitioner must show both diligence and that "extraordinary circumstances stood in his way and prevented timely filing." *Id.* at 10 (citing *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010)).  Petitioner asserts she is entitled to equitable tolling because her appellate attorney lost her file and did not provide her with the brief he filed or the appellate record, which prevented her from filing a supplemental brief.  Doc. No. 11-1 at 15.  Although egregious attorney misconduct, such as abandoning or lying to a client can constitute extraordinary circumstances sufficient to warrant equitable tolling, ordinary or "garden variety" negligence, such as missing a filing deadline or poor communication, generally does not.  *See*, *e.g. Holland v. Florida*, 560 U.S. 631, 651–52 (2010).  The allegations Petitioner makes regarding her attorney do not rise to the level of "egregious misconduct."

Petitioner also argues she is entitled to equitable tolling because she did not have sufficient access to a law library or the courts due to Covid-19 restrictions.  Doc. No. 11-1 at 23–27.  As the R&R correctly points out, lack of access to legal assistance does not constitute an "extraordinary circumstance" sufficient to entitle a petitioner to equitable tolling.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  In any event, Petitioner's own documents show the Point Loma library was open Monday and Tuesday 11:30 a.m. to 8 p.m., and Wednesday through Saturday 9:30 a.m. to 6:00 p.m. by July 31, 2021, and the downtown library was open Monday through Thursday, 9 a.m. to 3 p.m., without an appointment by June 15, 2021.  Doc. No. 7-2 at 7, 12.  Thus, Petitioner had sufficient access to legal materials at least four months before the statute of limitations expired on November 4, 2021.  Moreover, as the R&R correctly notes and Petitioner concedes, the San Diego Superior Court reopened for limited services on May 26, 2020, and Petitioner availed herself of court services numerous times between November 4, 2020 and November 4, 2021.  Doc. No. 10 at 10; Doc. No. 11-1 at 7-1 at 10–14.  Further, as the R&R correctly found, Petitioner has not established the diligence required for equitable tolling because she did not begin the exhaustion process in state court until April 8, 2022 when she filed her first habeas corpus petition, nearly a year and a half after her conviction became final and five months after the statute of limitations had expired. / / /

*See* Doc. No. 1-17 at 17–87. Accordingly, Petitioner's objection to the R&R's finding regarding equitable tolling is **OVERRULED**.

## IV. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). For the reasons set forth in the R&R and incorporated herein, the Court finds that this standard has not been met and therefore **DECLINES** to issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Petitioner's objection regarding her probation and **MODIFIES** the R&R to state she was sentenced to summary probation. The Court **OVERRULES** Petitioner's remaining objections, **ADOPTS** Judge Leshner's R&R as modified, **DENIES** the Petition, and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

DATED: January 12, 2024

_____
HON. MICHAEL M. ANELLO
United States District Judge